35 C.C.P.A. (Patents)

### Application of TURNQUIST.

### Patent Appeal No. 5393.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

Harry H. Hitzeman, of Chicago, Ill. (Eugene E. Stevens, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 16 and 17, in appellant's application for a patent for an alleged invention relating to alleged improvements in airplanes.

Claim 16, which is typical of the appealed claims, reads:

"An airplane comprising an oblong body having a sharp front end and a sharp rear end and being provided with air inlet ports adjacent said front end and air outlet ports adjacent rear end, inlet and outlet channels extending longitudinally thru the body and provided in the walls thereof, one connected to said air inlet ports and another to said air outlet ports, a plurality of piston-equipped compressors housed in the body and being double-acting, each provided with valved inlet chambers and valved outlet chambers thereon connected respectively to said inlet and said outlet channels, whereby to move the air from in front of the body to the rear thereof for advancing the airplane, and control means operable for selectively operating either part of the compressors or all of them in unison."

The references relied on are:

Miller, 1,237,364, August 21, 1917.

Rutzen, 1,268,494, June 4, 1918.

Cavaleri, 1,686,071, October 2, 1928.

Campini (British), 406,713, February 28, 1934.

Schramm, 2,071,221, February 16, 1937.

Appellant's application discloses a device comprising a body and wings generally similar to those of conventional airplanes. No rotary propeller is provided, but the body contains a number of reciprocating compressors which draw air in from the front of the body, compress it and discharge it at the rear. This action is relied on to give the device sufficient momentum to cause it to leave the ground and remain in the air.

The appealed claims were rejected by the tribunals of the Patent Office on two grounds; namely, (1) that the device defined by the appealed claims was inoperative and lacked utility and (2) that the claimed device did not involve invention in view of the disclosures in the prior art. The examiner and the board were of opinion that the reciprocating compressors could not provide a sufficient motive force to cause the device to operate, and the claims were, therefore, rejected on the ground that the device defined by the appealed claims was without utility. In support of his views, the examiner relied on a statement in the patent to Campini to the effect that it had been found that the compressors of an airplane plant could not generate a jet having a sufficient thrust to enable the plane to take off. The examiner stated that the patentee was "an expert and pioneer in jet propulsion," and that statement has not been denied.

The examiner further stated that "it is obvious to one skilled in the art that the substitution of compressors for a propeller or airscrew is wholly impractical and inoperative." Counsel for appellant did not call for an explanation or affidavit in support of the examiner's statement, nor was the examiner called on to prove his further statement that successful operation of jet propelled planes had been attributed to *turbine compressors,* the use of fuel injection to give high temperature, and the use of a properly designed nozzle to convert heat energy into kinetic energy.

The related circumstances are sufficient to establish, *prima facie,* that a plane which depends for its motive force solely on thrust generated by the action of *reciprocating compressors* is inoperative. Counsel for appellant did not attempt to overcome the holding of inoperativeness by evidence of actual operation, since it is not alleged that a device corresponding to the disclosure of the application has ever been built. Furthermore, counsel for appellant submitted no evidence to establish that from a theoretical standpoint, appel-

lant's device was operative and possessed utility.

Counsel for appellant refer to the following statement in the Campini British patent that

"Attempts to propel aircraft on this principle have hitherto not been successful. It has been found that the thrust generated by the compressors of the propulsion plant has been insufficient *of itself* for the purposes of taking off; also in flight the efficiency of the plant is low due to the numerous friction losses that obtain in the air conduits and bends leading to and from the compressors and owing further to the high velocity of the intaken air, the excessive weight of the parts of the plant serving to increase the energy of the intaken air and the low efficiency of the thermal means (when provided) to this end. (Italics not quoted.)

"The object of the present invention is to provide certain improvements in the method and means of propulsion of an aircraft on the dynamic reaction principle referred to, which will ensure both the taking-off of the aircraft and a higher order of efficiency of propulsion than has been possible hitherto in the aforesaid known attempts and, in short, will permit the attainment of a high velocity and great heights."

It is contended by counsel for appellant that the quoted statement presupposes successful operation of aircraft by "dynamic reaction" alone, prior to Campini's invention. We are unable to concur in that contention. The patentee specifically stated that "Attempts to propel aircraft on this principle [dynamic reaction principle] have hitherto not been successful." We are unable to find anything in the quoted statement of the patentee, or elsewhere in the prior art, to indicate that a plane could "take off" solely by the action of jets produced by reciprocating compressors, and the patentee Campini does not propose such a "take off," but relies also upon heating of the air by fuel burners. The rea-

sonable interpretation of the disclosure in the patent to Campini is that the patentee did not consider operation of an airplane by air pressure generated by compressors alone to be practicable.

Counsel for appellant also rely on the patent to Cavaleri as showing that the Patent Office has recognized the operativeness of a plane propelled solely by the action of air which has been placed under pressure by a compressor mounted on the plane. However, the device disclosed by the patentee is provided with hollow wings and pontoons which are filled with a light gas, such as helium. If the wings and pontoons were made of sufficient size, the plane could "take off" independently of the action of the compressors. The failure to hold the Cavaleri device inoperative, therefore, is not inconsistent with the holding of inoperativeness of appellant's structure.

Counsel for appellant do not contend that appellant's compressors are new or are more efficient than those previously available and, although his arrangement of compressors and air passages is specifically different from the disclosures in the prior art, there is no apparent reason why such differences would result in operativeness in a field where it has not previously been attained.

We have carefully considered the arguments advanced by counsel for appellant, but are of opinion that the reasons advanced by the Patent Office tribunals are sufficient to justify their holding that the application here involved does not disclose an operative device. Accordingly, it is unnecessary that we consider the further rejection of the claims on the ground of lack of invention over the prior art.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.